UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DIANE PITRE, ET AL. | CIVIL ACTION |
| VERSUS | NO. 17-7029 |
| HUNTINGTON INGALLS, INC., ET AL. | SECTION "R" (5) |

## ORDER AND REASONS

Defendants Lamorak Insurance Company and Huntington Ingalls, Inc. move for summary judgment.[1] Plaintiffs move to dismiss their claims against these defendants without prejudice.[2] For the following reasons, the Court grants summary judgment and denies plaintiffs' motion as moot.

## I. BACKGROUND

This case arises out of alleged asbestos exposure at Avondale Shipyard in Avondale, Louisiana.[3] Steward Pitre worked as a pipefitter for Avondale Shipyard from 1964 to 1972.[4] Mr. Pitre developed lung cancer, allegedly as a result of exposure to asbestos at Avondale and passed away on July 15, 2016.[5]

---

[1]    R. Doc. 65.
[2]    R. Doc. 80.
[3]    R. Doc. 4-1.
[4]    R. Doc. 65-4; R. Doc. 65-5 at 2.
[5]    R. Doc. 4-1 at 4 ¶¶ 15-16.

On April 6, 2017, Mr. Pitre's wife and children filed suit in state court asserting claims for wrongful death and survival under Louisiana law.[6] Plaintiffs named numerous defendants, including Huntington Ingalls, Inc. (Avondale) and Lamorak Insurance Company.[7] Plaintiffs alleged that Mr. Pitre was exposed to asbestos during his employment at Avondale, and that his injuries were caused by the negligence of Avondale and three deceased Avondale executive officers.[8] Lamorak was sued as the alleged insurer of Avondale and its executive officers.[9]

On July 24, 2017, Avondale and Lamorak removed this action on the basis of federal officer jurisdiction.[10] Plaintiffs filed a contested motion to amend their complaint, which the Magistrate Judge granted.[11] Plaintiffs also moved to remand to state court.[12] On December 6, 2017, the Court denied Avondale and Lamorak's motion to review the Magistrate Judge's order, and denied plaintiffs' motion to remand.[13]

---

[6]    R. Doc. 4-1.
[7]    *Id.* at 1-3.  Lamorak Insurance Company was incorrectly designated as One Beacon America Insurance Company.  Huntington Ingalls was formerly known as Avondale Industries, Inc., and Avondale Shipyards, Inc. *See id.* at 1 ¶ 1.
[8]    *Id.* at 10-12.
[9]    *Id.* at 3 ¶¶ 10-12.
[10]   R. Doc. 1.
[11]   R. Doc. 19; R. Doc. 31.
[12]   R. Doc. 20.
[13]   R. Doc. 47.

Avondale and Lamorak now move for summary judgment.[14] Plaintiffs move to voluntarily dismiss their claims against these two defendants without prejudice.[15]

## II. LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *see also Little*, 37 F.3d at 1075. "No genuine dispute of fact exists if the record taken as a whole could

---

[14]    R. Doc. 65.
[15]    R. Doc. 80.

not lead a rational trier of fact to find for the non-moving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (internal citation omitted). The nonmoving party can then defeat the motion by either countering with evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for

trial.  *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 *mandates* the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." (quoting *Celotex*, 477 U.S. at 322)).

## III.  DISCUSSION

Avondale and Lamorak move for summary judgment on the grounds that plaintiffs' claims against them are subject to the exclusivity provisions of the Longshore and Harbor Workers' Compensation Act (LHWCA).[16] Plaintiffs offer no substantive opposition to this motion.  Instead, they move for dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(2).[17]  Plaintiffs represent that they intend to pursue a LHWCA claim in lieu of a tort suit against Avondale and Lamorak.[18]  Defendants Foster Wheeler LLC, CBS Corporation, and General Electric Company support plaintiffs' motion for voluntary dismissal, and ask the Court not to rule on the summary judgment motion.[19]

---

[16]  R. Doc. 65.
[17]  R. Doc. 79; R. Doc. 80.
[18]  R. Doc. 80.
[19]  R. Doc. 86 at 1.  These defendants filed a cross-claim against Avondale.  *See* R. Doc. 77.  The cross-claim has since been voluntarily dismissed under Federal Rule of Civil Procedure 41(c).  *See* R. Doc. 88.

Rule 41(a)(2) permits a plaintiff to dismiss her claims "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Dismissal without prejudice is not justified when a request for voluntary dismissal is "intended to avoid an imminent adverse result on summary judgment." *Harris v. Devon Energy Prod. Co., LP*, 500 F. App'x 267, 269 (5th Cir. 2012); *see also In re FEMA Trailer Formaldahyde Prod. Liab. Litig.*, 628 F.3d 157, 162 (5th Cir. 2010). Avondale and Lamorak's motion for summary judgment was submitted to the Court two weeks before plaintiffs' motion to dismiss.[20] The Court thus finds it appropriate to first consider the summary judgment motion.[21]

Avondale and Lamorak argue that the LHWCA provides the exclusive remedy against them for Mr. Pitre's injuries.[22] The LHWCA is a workers' compensation law that requires employers to provide compensation to

---

[20]     R. Doc. 65; R. Doc. 80.
[21]     In their response to plaintiffs' Rule 41(a)(2) motion, Foster Wheeler, General Electric, and CBS request a new briefing schedule on the summary judgment motion because the motion is currently unopposed. *See* R. Doc. 86 at 3-4. The Court addressed this issue at the February 23, 2018 preliminary conference after plaintiffs' counsel indicated that plaintiffs might move for voluntary dismissal. The Court declined to extend the briefing schedule on the summary judgment motion and instructed any party that opposed summary judgment to file an opposition by the March 6, 2018 deadline. Foster Wheeler, General Electric, and CBS failed to file a timely opposition, and the Court finds no good cause to reopen briefing.
[22]     R. Doc. 65.

covered employees irrespective of fault. *See* 33 U.S.C. § 904; *see also Fontenot v. AWI, Inc.*, 923 F.2d 1127, 1132 (5th Cir. 1991). The Act represents a compromise between the concerns of workers and their employers, in which "[e]mployers relinquished their defenses to tort actions in exchange for limited and predictable liability." *Morrison-Knudsen Constr. Co. v. Dir., Ofifce of Workers' Comp Programs*, 461 U.S. 625, 636 (1983). On their part, workers accept limited damages as a tradeoff for "prompt relief without the expense, uncertainty, and delay that tort actions entail." *Id.*

There is no genuine dispute that plaintiffs' claims against Avondale and Lamorak are covered by the LHWCA. The Act provides for death benefits to the widow and children of an employee who dies from a covered injury. *See* 33 U.S.C. § 909. To recover benefits under the Act, a claimant must satisfy both "status" and "situs" elements. *See New Orleans Depot Servs., Inc. v. Dir. Office of Worker's Comp. Programs*, 718 F.3d 384, 389 (5th Cir. 2013). Mr. Pitre meets the "status" requirement because he was employed by Avondale as a pipefitter aboard vessels being built or repaired at Avondale Shipyard.[23] *See* 33 U.S.C. § 902(3) (defining employee to include "any harbor-worker including a ship repairman, shipbuilder"); *see also Chesapeake & Ohio Ry. Co. v. Schwalb*, 493 U.S. 40, 45 (1989).

---

[23]    R. Doc. 65-4; R. Doc. 65-5 at 2; R. Doc. 65-6 at 33-35, 68-70.

Mr. Pitre also meets the "situs" requirement under the post-1972 LHWCA.[24] The Act covers disability or death resulting "from an injury occurring upon the navigable waters of the United States (including any . . . adjoining area customarily used by an employer in loading, unloading, repairing, dismantling, or building a vessel)." 33 U.S.C. § 903(a); *see also New Orleans Depot Servs.*, 718 F.3d at 393-94 (adopting "definition of 'adjoining' navigable water to mean 'border on' or 'be contiguous with' navigable waters"). Mr. Pitre's asbestos exposure allegedly occurred on and around vessels being built or repaired at Avondale Shipyard.[25] Avondale's vessel construction and repair activities occurred on the west bank of the Mississippi River adjacent to navigable waters.[26]

The LHWCA includes exclusivity provisions barring lawsuits against an injured worker's employer and co-employees. Specifically, the Act provides that "[t]he liability of an employer prescribed in section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife . . . and anyone

---

[24]    The post-1972 provisions of the LHWCA apply to plaintiffs' claims because Mr. Pitre's "time of injury" under the Act is the date that his alleged latent injury manifested itself. *See* 33 U.S.C. § 910(i); *Castorina v. Lykes Bros. S.S. Co., Inc.*, 758 F.2d 1025, 1031 (5th Cir. 1985). Mr. Pitre was diagnosed with lung cancer in April 2016. *See* R. Doc. 4-1 at 4 ¶ 15.

[25]    R. Doc. 4-1 at 4 ¶ 16; R. Doc. 65-6 at 66-69; R. Doc. 65-7 at 2.

[26]    R. Doc. 65-7 at 2.

otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death." 33 U.S.C. § 905(a). The Act also provides the exclusive remedy for injuries caused by the negligence or wrongful act of an officer or employee of the employer. 33 U.S.C. § 933(i). These provisions cover plaintiffs' claims against Avondale and its executive officers, as well as claims against Lamorak in its capacity as their insurer. *See Perron v. Bell Maint. & Fabricators, Inc.*, 970 F.2d 1409, 1412-13 (5th Cir. 1992) (explaining that a § 933(i) defense is available to liability insurers).

The LHWCA's exclusivity provisions do not fully preempt state workers' compensation statutes. *See Sun Ship, Inc. v. Penn.*, 447 U.S. 715, 723-24 (1980). The Supreme Court has recognized concurrent jurisdiction between the LHWCA and state workers' compensation laws in the "twilight zone" where state and federal compensation schemes meet. *See Sun Ship*, 447 U.S. at 718 (citing *Davis v. Dep't of Labor & Indus. of Wash.*, 317 U.S. 249, 256 (1942)). Concurrent jurisdiction is warranted in such cases because, under a regime of mutually exclusive federal and state jurisdiction, "an injured worker was compelled to make a jurisdictional guess before filing a claim; the price of error was unnecessary expense and possible foreclosure from the proper forum by statute of limitations." *Id.* But the LHWCA remains the exclusive remedy in cases outside the "twilight zone." *See Hahn*

*v. Ross Island Sand & Gravel Co.*, 358 U.S. 272, 273 (1959); *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 364-66 (5th Cir. 1995).

Here, plaintiffs have pointed to no evidence that Mr. Pitre's employment fell within the "'twilight zone' of concurrent jurisdiction between the LHWCA and state law workmen's compensation statutes." *Hetzel*, 50 F.3d 360 at 364. Plaintiffs have instead indicated that they intend to make a claim under the LHWCA.[27] It is well established that a plaintiff may not pursue both LHWCA benefits and state tort claims. *See Hetzel,* 50 F.3d at 367 (holding that the LHWCA preempted a state statutory tort action when plaintiff applied for and received benefits under the LHWCA); *Rosetti v. Avondale Shipyards, Inc.*, 821 F.2d 1083, 1085 (5th Cir. 1987) (finding pipefitter's state law negligence claim barred by the LHWCA); *Melancon v. Amoco Prod. Co.*, 834 F.2d 1238, 1243 (5th Cir. 1988) (noting that the LHWCA "bars all common law tort actions against the employer").

Accordingly, plaintiffs' state law claims against Avondale and Lamorak are preempted by the LHWCA, and these defendants are entitled summary judgment. *See Hetzel*, 50 F.3d at 367. Because the Court grants summary judgment, plaintiffs' motion to voluntarily dismiss their claims against Avondale and Lamorak is moot.

---

[27]      R. Doc. 80.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS the motion for summary judgment.  Plaintiffs' state law claims against Huntington Ingalls, Inc. and Lamorak Insurance Company are DISMISSED WITH PREJUDICE.  Further, the Court DENIES plaintiffs' motion for voluntary dismissal as moot.

New Orleans, Louisiana, this __30th__ day of April, 2018.


_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE